IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MATTHEW MOBERG**                                                                  **PETITIONER**

V.                                                              CASE No: 1:21-cv-00187-LG-BWR

**BURL CAIN**
*MDOC Commissioner,* **and**
**LEE SIMON,** *Warden*                                                              **RESPONDENT**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [1], filed *pro se* by Petitioner Matthew Moberg who challenges his 2018 conviction and sentence for capital murder in the Circuit Court of Greene County, Mississippi. Respondents, Mississippi Department of Corrections Commissioner Burl Cain and Warden Lee Simon, filed an Answer [10]. Moberg did not file a reply but instead filed Motions [19] [20] requesting that the Court postpone its ruling to allow him time to exhaust new grounds in state court and allow him to file an Amended Petition. Moberg's Petition must be dismissed with prejudice because seven of Moberg's grounds are procedurally barred and the remaining two are meritless. Moberg should not be allowed to file an Amended Petition, and these proceedings should not be stayed and held in abeyance while Moberg returns to state court. The Petition should be finally dismissed with prejudice.

## I. BACKGROUND

On August 24, 2017, Moberg was indicted for capital murder committed during a kidnapping. *Moberg v. State*, 303 So. 3d 815, 817 (Miss. Ct. App. 2020), *reh'g denied*,

Aug. 18, 2020, *cert. denied*, 303 So. 3d 422 (Miss. 2020). "A Greene County Circuit Court jury found Moberg guilty of the capital murder of Brian 'Jesse' Parker, and Moberg was sentenced to life in prison without eligibility for parole." *Id.* "Moberg's post-trial motion for judgment notwithstanding the verdict (JNOV) or, alternatively, a new trial was denied." *Id.*

Moberg, through counsel, appealed to the Mississippi Supreme Court, and the case was assigned to the Mississippi Court of Appeals. Moberg raised two grounds on direct appeal, namely that

> Ground One: The trial court erred in denying his motion for directed verdict on capital murder, as the evidence is insufficient to sustain a conviction for killing during the course of kidnapping.
>
> Ground Two: The trial court erred in allowing the State to enter State's Exhibit 25 into evidence. The photo of the victim's badly decomposed body was gruesome, served no evidentiary purpose, and was far more prejudicial than probative. As such, the trial court should have excluded the photograph.

[11-16] at 3, 11-18.

The Mississippi Court of Appeals affirmed Moberg's conviction and sentence in a published opinion. [10-1]; *see Moberg*, 303 So. 3d at 824. Moberg's request for rehearing and Petition for Certiorari were denied. [11-17] at 3, 45. Moberg filed a *pro se* "Application for Leave to Proceed in the Trial Court" and "Motion for Post-Conviction Collateral Review" (collectively, "first PCR motion") with the Mississippi Supreme Court. [11-18] at 88-105. He asserted the same two grounds for relief that he asserted through counsel on direct appeal. *Id.* at 91. The Mississippi Supreme

Court denied Moberg's first PCR motion, holding that, because he "raised these issues on direct appeal," the claims were "barred by res judicata" and further "the issues raised lacked merit." *Id.* at 85.

Moberg filed a second *pro se* "Application for Leave to Proceed in the Trial Court of Greene County" and "Motion for Post-Conviction Collateral Relief" (collectively, "second PCR motion") in the Mississippi Supreme Court. [11-18] at 6-44. In the second PCR motion, Moberg raised twelve grounds for relief as follows:

| | |
|---|---|
| Ground One: | The evidence was insufficient to support a conviction for capital murder, as the evidence was insufficient to sustain a conviction for kidnapping. |
| Ground Two: | The trial court erred in allowing State's Exhibit 25 into evidence because the photo served no evidentiary purpose and was more prejudicial than probative. |
| Ground Three: | "Whether jury instructions left no hypothesis for innocents [sic]. Also whether jury instructions were vague and confusing regarding inveigling." |
| Ground Four: | Whether the trial court erred in allowing the pathologist "to change his testimony regarding a defect on the victim's body that was not mentioned in the autopsy report." |
| Ground Five: | Whether the search and seizure of the defendant's truck was illegal. |
| Ground Six: | Whether the trial court erred in allowing evidence of a stun gun, and whether this error misled and confused the jury. |
| Ground Seven: | Whether video evidence that was not turned over to the defense was prejudicial and violated the rules of discovery. |

|   |   |
|---|---|
| Ground Eight: | Whether the trial court erred in limiting the defense's cross-examination of Savannah Harvison. |
| Ground Nine: | "Did the trial court err in allowing the testimony of Matthew Moberg after the police investigators used threats and intimidation to coax a statement of the defendant[?]" |
| Ground Ten: | "Did the State knowingly use false statements and fabricated [sic] evidence against the defense[?]" |
| Ground Eleven: | "Ineffective assistance of counsel at trial and on appeal." |
| Ground Twelve: | "Cumulation of errors at trial together resulted in unfair prejudice and reversible error." |

[10-3].

The Mississippi Supreme Court denied the second PCR motion, holding that it was "barred as successive" pursuant to Mississippi Code Annotated § 99-39-27(9) and that "no exception to the procedural bars exists." *Id.* at 3. The Mississippi Supreme Court found that "[n]otwithstanding the procedural bar, . . . the petition is without merit." *Id.*

Moberg next filed the instant *pro se* §2254 Petition, requesting reversal and a "retrial for the lesser charge of murder 1st degree" and asserting eight grounds for relief:

|   |   |
|---|---|
| Ground One: | The evidence was insufficient to support a conviction for capital murder because the evidence was insufficient to sustain a conviction for killing during kidnapping. |

4

Ground Two:   The trial court erred in allowing Exhibit 25 into evidence because it served no evidentiary purpose and was far more prejudicial than probative.

Ground Three: Whether the search and seizure of the defendant's truck was illegal.

Ground Four:  Whether the trial court erred in allowing testimony of a stun gun, and whether the error misled and confused the jury.

Ground Five:  Whether video evidence that was not turned over to the defense was prejudicial and violated the rules of discovery.

Ground Six:   Whether the trial court erred in limiting the defense's cross-examination of Savannah Harvison.

Ground Seven: "Did the state knowingly use false statements and fabricate evidence against the defendant[?]"

Ground Eight: "Cumulation of errors at trial together resulted in unfair prejudice and reversible error."

[1] at 5-22.

Respondents submit that, liberally construed, the Petition also raises a Ninth Ground, namely claims of ineffective assistance of counsel. [10] at 12. Moberg's claims of ineffective assistance of counsel are hereinafter referred to as Ground Nine.

Respondents assert that because Grounds Three through Nine of the Petition were raised for the first time in Moberg's second PCR motion which was found barred as successive by the Mississippi Supreme Court, the claims are procedurally defaulted, and this Court cannot review them. *Id.* Respondents maintain that Grounds One and Two – the only Grounds decided on the merits by the Mississippi

Court of Appeals – must be dismissed with prejudice because Ground One is meritless and Ground Two does not raise an issue of federal law. *Id.* at 16-26.

Moberg did not file a reply to Respondents' Answer. Nearly two years after he filed the Petition, he filed a Letter asking for this Court to postpone its ruling on his § 2254 petition until he exhausted new claims in state court for "defective indictment, multiple misleading jury instructions . . ., and cumulative indictment errors." [19] at 1. He simultaneously filed a "Motion to Amend Habeas Corpus," submitting that he wished to "dismiss grounds (2)(3)(4)(5)(6)(8) without prejudice," provide additional argument for Grounds One and Seven, and add two new grounds – defective indictment and defective jury instructions. [20] at 1. Moberg attached a proposed amended petition restyling his claims as follows:

| | |
|---|---|
| Ground One: | The evidence was insufficient to support a conviction for capital murder because the evidence was insufficient to sustain a conviction for killing during kidnapping. |
| Ground Two (previously Ground Seven): | "Due process where witness Logan Frazier committed perjury on the stand at trial. Fundamentally unfair." |
| Ground Three: | "Defective indictment. Violation of Double Jeopardy and Due Process clauses." |
| Ground Four: | "Multiple misleading jury instructions, both failed and added essential elements that wasn't [sic] in indictment – due process." |

[20-1] at 5-11.

Respondents filed Responses [21][22] to Moberg's Motions [19] [20] to postpone a ruling and amend the Petition, arguing that they should be denied due to Moberg's

undue delay, because Grounds Two, Three, Four, Five, Six, and Eight are appropriate for dismissal with prejudice, and because allowing additional argument and new claims is futile. [21] at 3-4.

## II. DISCUSSION

A. <u>Standard of Review</u>

Under 28 U.S.C. § 2254, a federal court may issue the writ of habeas corpus when a person is held in violation of the federal Constitution or laws, permitting a federal court to order the discharge of any person held by a state in violation of the supreme law of the land. *Frank v. Mangum,* 237 U.S. 309, 311 (1915). A petition for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for "violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. *Wilson v. Corcoran,* 562 U.S. 1, 5 (2010); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). When reviewing a § 2254 petition, the federal court looks to the state court's "last reasoned opinion." *Salts v. Epps*, 676 F.3d 468, 479 (5th Cir. 2012).

B. <u>Grounds Three, Four, Five, Six, Seven, Eight, and Nine of the Petition are Procedurally Defaulted</u>

1. <u>The doctrine of procedural default</u>

Before considering the merits of a petition under 28 U.S.C. § 2254, the Court must first determine if all procedural steps necessary to preserve each issue raised for federal review have been taken. Federal courts may not review a habeas corpus claim that is procedurally defaulted, which occurs when "the last state court to consider that claim expressly relied on a state ground for denial of relief that is both

independent of the merits of the federal claim and an adequate basis for the court's decision." *Roberts v. Thaler,* 681 F.3d 597, 604 (5th Cir. 2012). The claim is procedurally defaulted when "(1) a state court [has] declined to address [those] claims because the prisoner [has] failed to meet a state procedural requirement, and (2) the state judgment rests on independent and adequate state procedural grounds." *Maples v. Thomas,* 132 S. Ct. 912, 922 (2012).

A state procedural rule is "independent" when the state law ground for decision is not "interwoven with the federal law." *Michigan v. Long,* 463 U.S. 1032, 1040 (1983). To determine the "adequacy" of the state procedural bar, the Court examines whether the state's highest court "has strictly or regularly applied it." *Stokes v. Anderson,* 123 F.3d 858, 860 (5th Cir. 1997). The petitioner "bears the burden of showing that the state did not strictly or regularly follow a procedural bar around the time of his appeal" and "must demonstrate that the state has failed to apply the procedural bar rule to claims identical or similar to those raised by petitioner himself." *Id.*

When a petitioner's claim is procedurally defaulted, he may overcome this barrier by showing cause for it and actual prejudice from its application. To show cause, a petitioner must prove that an external impediment (one that could not be attributed to him) existed to prevent him from raising and discussing the claims as grounds for relief in state court. *United States v. Flores,* 981 F.2d 231 (5th Cir. 1993). To establish prejudice, a petitioner must show that, but for the alleged error, the

8

outcome of the proceeding would have been different. *Pickney v. Cain,* 337 F.3d 542 (5th Cir. 2003).

Even if a petitioner fails to establish cause for his default and prejudice from its application, he may still overcome a procedural default by showing that application of the bar would result in a fundamental miscarriage of justice. To show such a miscarriage of justice, a petitioner must prove "as a factual matter, that he did not commit the crime of the conviction." *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir. 1999). Further, he must support his allegations with new, reliable evidence that was not presented at trial and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 644.

2. <u>Moberg procedurally defaulted Grounds Three, Four, Five, Six, Seven, Eight, and Nine in state court</u>

Moberg did not raise Grounds Three, Four, Five, Six, Seven, Eight, or Nine on direct appeal. Moberg first raised these claims in his second PCR motion. The Mississippi Court of Appeals refused to consider the Grounds because the second PCR motion was barred as successive by Mississippi Code § 99-39-27(9), which provides that "[t]he dismissal or denial of an application under this section is a final judgment and shall be a bar to a second or successive application under this article." Miss. Code Ann. § 99-39-27(9).

The Fifth Circuit has routinely held that that the postconviction procedural bar for successive petitions found in Mississippi Code § 99-39-27(9) is an independent and adequate state procedural ground. *Spicer v. Cain,* No. 18-60791, 2021 WL

9

4465828, at *3 (5th Cir. Sept. 29, 2021); *Moore v. Roberts,* 83 F.3d 699, 703 (5th Cir. 1996); *Moawood v. Anderson,* 143 F.3d 942, 947 (5th Cir. 1998). Moberg has not addressed § 99-39-27(9) or pointed to a single case where the Mississippi Supreme Court failed to apply Mississippi Code § 99-39-27(9) to a claim identical or like one of his procedurally barred claims; thus, he has not shown inconsistent and irregular application of Mississippi Code § 99-39-27(9).

Moberg did not file a reply to Respondents' Answer and has not attempted to overcome procedural default by showing cause and actual prejudice. To the extent his Petition provides that Moberg blames his counsel for the procedural default, a claim of ineffective assistance of counsel must be presented to the state court as an independent claim before it may be used to establish cause for a procedural default of a §2254 claim. *Murray v. Carrier*, 477 U.S. 478, 489 (1986); *Hatten v. Quarterman*, 570 F.3d 595, 605 (5th Cir. 2009). Moberg did not raise ineffective assistance of counsel arguments in his first PCR motion, and the ineffective assistance of counsel argument raised in his second PCR motion was found procedurally barred. Moberg's ineffective assistance of counsel claims are procedurally defaulted and cannot be relied upon as a basis for cause to excuse procedural default. Because Moberg has failed to demonstrate cause, the Court need not question whether there is prejudice. Application of the procedural bar will not result in a fundamental miscarriage of justice because Moberg has not proven with new and reliable evidence not available at trial that he did not commit the crime of his conviction. Because Moberg procedurally defaulted Grounds Three, Four, Five, Six, Seven, Eight, and Nine in

10

state court pursuant to an independent and adequate state procedural rule, these Grounds should be dismissed with prejudice. *Chancellor v. Mississippi*, 129 F. App'x 878, 880 (5th Cir. 2005) (vacating and remanding the action to district court instructing that the district court dismiss the habeas petition with prejudice because the claims were procedurally defaulted).

C. <u>Grounds One (Sufficiency of Evidence of Kidnapping) and Two (Autopsy Photograph) are Meritless</u>

1. <u>Standard for grounds reviewed on the merits in state court</u>

When addressing claims that were reviewed on the merits in state court, the focus in a federal habeas proceeding is not whether there was an error in applying state law but instead whether there has been a denial of rights protected by the United States Constitution. *Estelle,* 502 U.S. at 67-68 ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). The federal courts do not function as super appellate courts over the states to review errors under state law. *Mendiola v. Estelle,* 635 F.2d 487, 491 (5th Cir. 1981). The federal courts may not correct errors of state law unless they also violate the constitutional rights of an accused. *Smith v. Phillips,* 455 U.S. 209, 221 (1981).

Even in matters affecting federal rights, federal courts have a very limited scope of review. The Court's authority to grant relief to a person held in custody pursuant to a state judgment is narrowly circumscribed by 28 U.S.C. § 2254 (d), which provides that an application for a writ of habeas corpus shall not be granted unless the state court adjudication of the claim:

11

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (d).

2. Ground One (sufficiency of evidence of kidnapping) is meritless

Moberg argues that the evidence of kidnapping presented at trial was insufficient to support his conviction because the State failed to produce evidence that he forcibly seized or confined Parker, and the State did not prove that he inveigled Parker by tricking him into getting in his truck and leaving with him. [1] at 5; [1-1] at 2. The Mississippi Court of Appeals affirmed the Circuit Court's denial of Moberg's motion for JNOV, interpreting Mississippi Code § 97-3-53 which provides:

> Any person who, without lawful authority and with or without intent to secretly confine, shall forcibly seize and confine any other person, or shall inveigle or kidnap any vulnerable person as defined in Section 43-47-5 or any child under the age of sixteen (16) years against the will of the parents or guardian or person having the lawful custody of the child, upon conviction, shall be imprisoned for life in the custody of the Department of Corrections if the punishment is so fixed by the jury in its verdict. If the jury fails to agree on fixing the penalty at imprisonment for life, the court shall fix the penalty at not less than one (1) year nor more than thirty (30) years in the custody of the Department of Corrections.

Miss. Code Ann. § 97-3-53.

The Mississippi Court of Appeals concluded that § 97-3-53 did not require the State to prove Moberg forcibly seized Parker because inveigling "has no component of force, but only of coaxing." *Moberg,* 303 So. 3d at 821. The Court of Appeals

12

summarized the circumstantial evidence sufficient to support Moberg's conviction on a theory of inveigling as follows:

> Moberg got Jesse to leave his mother's house. Jesse told his mother he was leaving to help Moberg move into his new trailer. Moberg and Jesse never moved anything. Moberg also had to convince Jesse to go to Mississippi and accomplished that by telling him they were going to get drugs. Neither happened. Jesse did not help Moberg move, and they did not obtain drugs. Video footage shows that Jesse was with Moberg in Lucedale, Mississippi. Jesse never came back from Mississippi. Moberg sent multiple text messages to Jesse's phone intending to create some semblance of an alibi. Moberg even returned Jesse's phone to Tina. Numerous witnesses testified that Moberg was soaking wet when they saw him upon his return from Mississippi. GPS data, surveillance video, and text messaging provide evidence to prove Moberg's location and the time line of events leading up to Jesse's death. Jesse's body was found off the route Moberg traveled with Jesse on May 23. He did not die of natural causes. The location of Jesse's body explains why Moberg's clothes were wet upon his return to Alabama that afternoon. Moberg never admitted he was even in Mississippi until after he was apprehended. Finally, Kenneth Johnson, an inmate in custody with Moberg, testified that he overheard Moberg tell two other inmates that he had hit Jesse over the head, stunned him four times with a stun gun, then held his head under water in the mud until he died. Johnson said Moberg confessed to doing this over a girl.

*Id.* at 822.

In *Jackson v. Virginia*, 443 U.S. 307 (1979), the United States Supreme Court set the standard for a due process claim based on sufficiency of the evidence. Pursuant to *Jackson*, the relevant question is, "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 (emphasis in original). The *Jackson* standard "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id.* It allows the trier of fact

to find the evidence sufficient to support a conviction even if "the facts also support one or more reasonable hypotheses consistent with the defendant's claim of innocence." *Gilley v. Collins*, 968 F.2d 465, 468 (5th Cir. 1992).

The United States Supreme Court has

> made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, it is the responsibility of the jury – not the court – to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury. And second, on habeas review, a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was objectively unreasonable.

*Coleman v. Johnson*, 566 U.S. 650, 651 (2012) (internal marks and citations omitted).

Moberg did not file a reply to Respondents' Answer. He has not addressed *Jackson* or cited any other United States Supreme Court precedent in support of Ground One. The jury had the responsibility to determine witness credibility, resolve conflicts in the testimony, weigh the evidence, and decide what conclusions should be drawn from the evidence. The Mississippi Court of Appeals' conclusion that a rational trier of fact could have agreed with the jury was not objectively unreasonable. Ground One is without merit and should be dismissed with prejudice.

3. <u>Ground Two (autopsy photograph) is meritless</u>

In Ground Two, Moberg asserts that the trial court erred when it allowed the State to present Exhibit 25, an autopsy photo of the victim, to the jury, because it was gruesome, served no evidentiary purpose, and was more prejudicial than probative.

14

[1] at 2, 7. The trial court overruled the defense's objection to the introduction of the photograph into evidence and allowed a forensic pathologist to utilize the photograph when addressing his autopsy report. [11-9] at 50-72, 82-98.

On direct appeal, Moberg framed this issue as one governed by Mississippi evidentiary law only, namely Rule 403 of the Mississippi Rules of Evidence, which states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." M.R.E. 403; *see* [11-16] at 14-18. The Mississippi Court of Appeals affirmed the trial court's admission of the photograph because "[t]he photograph, as the trial judge reasoned, was potentially needed to verify and highlight findings in the autopsy," and "[e]ven if the photograph lacked real probative value, as Moberg argues, that does not mean the error was harmful. . . . [W]e find this issue to be without merit or, in the alternative, any error was harmless because the evidence of Moberg's guilt was so overwhelming." *Moberg*, 303 So. 3d at 824.

Respondents assert that Ground Two should be dismissed with prejudice because it does not present an issue arising under federal law. Moberg did not file a reply to Respondents' Answer and has not attempted to show that Ground Two raises anything more than a matter of state law which is not cognizable in a federal habeas proceeding. *Estelle,* 502 U.S. at 67-68. A federal court may grant habeas corpus relief on an erroneous state court evidentiary ruling only if the ruling also violates a specific constitutional right or renders the petitioner's trial fundamentally unfair. *Pemberton*

*v. Collins*, 991 F.2d 1218, 1226 (5th Cir. 1993). The challenged evidence must be a crucial, critical, or highly significant factor in the context of the entire case. *Gonzales v. Thaler*, 643 F.3d 425, 430 (5th Cir. 2011). An error makes a trial "fundamentally unfair" if there is a reasonable probability that the verdict might have been different had the trial been properly conducted. *Brown v. Dretke*, 419 F.3d 365, 377 (5th Cir. 2005). Given the wealth of additional evidence supporting Moberg's conviction, the admission of the photograph was not a crucial, critical, highly significant factor in the context of the entire trial and did not render the trial fundamentally unfair. Ground Two should be dismissed with prejudice.

D. <u>Moberg's Motions to Postpone a Ruling [19] and Amend the Petition [20] Should be Denied</u>

Rule 15 of the Federal Rules of Civil Procedure governs amendments of § 2254 applications. *See* 28 U.S.C. § 2242; Rule 12, Rules Governing Section 2254 Cases; *see also Carter v. Procunier*, 755 F.2d 1126, 1129 (5th Cir. 1985) (applying Rule 15(a) in a § 2254 proceeding). Moberg's Motions [19] [20] requesting that he be allowed to amend his Petition and that the Court postpone ruling until after he exhausts new claims in state court should be denied for at least the following three reasons urged by Respondents.

First, Moberg's request to dismiss Grounds Two, Three, Four, Five, Six, and Eight without prejudice should be denied. As discussed, Grounds Two, Three, Four, Five, Six, and Eight are procedurally defaulted and should be dismissed with prejudice. *See Chancellor,* 129 F. App'x at 880.

16

Second, if Moberg were allowed to amend his Petition to add additional argument in support of Ground One (Sufficiency of Evidence of Kidnapping) and Ground Seven ("Did the state knowingly use false statements and fabricate evidence against the defendant[?]"), the amendments would be futile. Moberg's restyled Ground One again attacks the fact that he was convicted of kidnapping under a theory of inveigling. Moberg argues that "secret confinement" is an essential element of kidnapping under Mississippi law. The Mississippi Court of Appeals addressed this argument on direct appeal and concluded that circumstantial evidence existed that was sufficient to prove the elements of kidnapping. *Moberg,* 303 So. 3d at 821. Allowing Moberg to add additional argument would not change the result that it was not objectively unreasonable for the Mississippi Court of Appeals to conclude that a rational trier of fact could have agreed with the jury. Ground Seven was first raised by Moberg in his second PCR motion and found to be procedurally barred by Mississippi Code § 99-39-27. [10-3]; [11-18] at 6-9. Added argument would not change the conclusion that Ground Seven is procedurally defaulted.

Third, Moberg should not be allowed to add new claims because adding them would be futile for two reasons: the claims are time-barred and procedurally defaulted. The proposed new claims are time barred because the one-year limitations period in 28 U.S.C. § 2244(d)(1) began to run on March 15, 2021, when Moberg's time for filing a certiorari petition in the United States Supreme Court expired. [21] at 4-5. As explained by Respondents, Moberg had until March 15, 2022 to file a timely federal habeas petition, [21] at 4-5, and the original Petition [1] was timely filed in

17

May 2021. The proposed new claims do not relate back to the original Petition because they assert new grounds for relief supported by facts that differ in both time and type from those in the original Petition. *See United States v. Gonzales*, 592 F.3d 675, 679-81 (5th Cir. 2009). Adding time-barred claims is futile. *Id.* at 681.

The proposed new claims are procedurally defaulted because they were not raised in state court in a procedurally proper manner, and no more avenues exist to do so. Moberg did not raise the claims on direct appeal or in his first PCR motion, or even in the second PCR motion which was barred as successive. Although on February 28, 2023, Moberg filed yet a third PCR motion with the Mississippi Supreme Court raising the proposed new claims, *see* 2020-M-1245 (Miss. Feb. 28, 2023), the third PCR motion is procedurally barred as successive under Mississippi Code § 99-39-27(9) and thus procedurally defaulted in this federal habeas corpus proceeding. *See Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001)("If a petitioner fails to exhaust state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claim procedurally barred, then there has been a procedural default for purposes of federal habeas corpus relief.")(citing *Sones v. Hargett,* 61 F.3d 410, 416 (5th Cir. 1995)). This Court is under no obligation to engage in "judicial ping-pong" when "it is obvious that the unexhausted claim[s] would be procedurally barred in state court[.]" *Sones,* 61 F.3d at 416 (quoting *Steele v. Young ,*11 F.3d 1518, 1524 (10th Cir. 1993)).

"[S]tay and abeyance should be available only in limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). "[T]he district court would abuse its

18

discretion if it were to grant [the petitioner] a stay when his unexhausted claims are plainly meritless." *Id.* Moberg's proposed new federal habeas corpus claims are plainly meritless because they are time-barred and procedurally defaulted. *See Neville v. Dretke*, 423 F.3d 474, 480 (5th Cir. 2005).

### III. CONCLUSION

Moberg's Petition [1] should be dismissed with prejudice because Grounds Three, Four, Five, Six, Seven, Eight, and Nine are procedurally defaulted and Grounds One and Two are meritless. Moberg's Motion [20] to amend the Petition should be denied because the six Grounds he wishes to dismiss without prejudice should be dismissed with prejudice, and the remaining proposed amendments are futile. Moberg's Motion [19] to postpone a ruling while he returns to state court should be denied.

### IV. NOTICE OF RIGHT TO APPEAL/OBJECT

In accordance with Local Uniform Civil Rule 72(a)(3) and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the proposed findings and recommendations. The District Judge at that time may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this Report and Recommendation within fourteen days after being served with a copy shall bar that party, except under grounds of plain error, from attacking on appeal

the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996), *superseded by statute on other grounds,* 28 U.S.C. §636(b)(1). An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections.

**SIGNED**, this the 17th day of April, 2023.

*s/ Bradley W. Rath*
BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE