IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **MATTHEW MOBERG** | **PETITIONER** |
| v. | CAUSE NO. 1:21CV187-LG-BWR |
| **BURL CAIN, MDOC Commissioner; and LEE SIMON, Deputy Warden** | **RESPONDENTS** |

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT
AND RECOMMENDATION, DISMISSING PETITION WITH
PREJUDICE, AND DENYING PETITIONER'S MOTIONS**

**BEFORE THE COURT** is the [24] Report and Recommendation entered by United States Magistrate Judge Bradley W. Rath, which proposes that Matthew Moberg's [1] Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody should be dismissed with prejudice. Judge Rath further proposes that Moberg's [20] Motion to Amend his Petition and his [19] Letter Motion for Postponement of Ruling on his Petition while he exhausts additional claims in state court should be denied. Moberg filed an [27] Objection to the Report and Recommendation, and Respondents filed a [28] Response in opposition to the Objection. After reviewing the Report and Recommendation, the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the Report and Recommendation should be adopted as the opinion of the Court.

## BACKGROUND

In September 2018, a Greene County, Mississippi, jury found Moberg guilty of capital murder committed during the course of a kidnapping, and he was

sentenced to life in prison without eligibility for parole. *Moberg v. State*, 303 So. 3d 815, 817 (Miss. Ct. App. 2020). The victim was sixteen-year-old Brian "Jesse" Parker, and the State prosecuted Moberg under an "inveigling" theory, which "has no component of force, but only of coaxing." *Id.* at 821 (citing *Myers v. State*, 770 So. 2d 542, 544 (Miss. Ct. App. 2000)).

Moberg's post-trial motion for judgment notwithstanding the verdict, or alternatively, a new trial was denied. *Id.* at 820. Moberg appealed, arguing (1) that the circuit court erred in denying his post-trial motion based on insufficiency of evidence to support his capital murder conviction and (2) that the circuit court erred in admitting a photograph of the victim's decomposing body. *Id.* at 821-23. The Mississippi Court of Appeals affirmed Moberg's conviction in an opinion entered on May 5, 2020, and it denied his motion for rehearing on August 18, 2020. The Mississippi Supreme Court denied Moberg's petition for certiorari. *Moberg v. State*, 303 So. 3d 422 (Miss. 2020).

Moberg filed a pro se Application for Leave to Proceed in the Trial Court with the Mississippi Supreme Court on November 9, 2020, in which he asserted the same two arguments he had presented on appeal. (Record at 88, ECF No. 11-18). The Court determined that the Application was barred by res judicata, and the issues lacked merit. (*Id.* at 85). On January 21, 2021, Moberg filed his second Application for Leave to Proceed in the Trial Court, repeating the same arguments and also seeking relief on several new grounds. (*Id.* at 6). On March 10, 2021, the Mississippi Supreme Court held that the second Application was barred as

successive. The Court further stated, "Notwithstanding the procedural bar, the panel finds the petition is without merit." (Order, Record at 3, ECF No. 11-18). Since no exception to the procedural bar existed, the Court denied the second Application.

Moberg filed his Petition for a Writ of Habeas Corpus with this Court on June 1, 2021. (Petition, ECF No. 1). He reasserts the two arguments he made on appeal and in his first application for post-conviction relief, as well as several arguments from his second application for post-conviction relief that were barred as successive by the Mississippi Supreme Court. On November 17, 2022, Moberg filed a [19] Letter Motion asking this Court to postpone its ruling on his Petition so that he can exhaust new claims in state court. Moberg also filed a [20] Motion to Amend his Petition. He wishes to dismiss several grounds asserted in his Petition without prejudice, present additional arguments in support of his insufficient evidence claim, and present new claims.

Judge Rath recommends dismissal of Ground One in Moberg's Petition, in which he alleged insufficient evidence to support a conviction for capital murder, because "[t]he Mississippi Court of Appeals' conclusion that a rational trier of fact could have agreed with the jury was not objectively unreasonable." (R&R at 14, ECF No. 24). He further recommends dismissal of Ground Two in Moberg's Petition because "the admission of the photograph [of the victim's body] was not a crucial, critical, highly significant factor in the context of the entire trial and did not render the trial fundamentally unfair." (*Id.* at 16). Moberg first raised Grounds Three,

Four, Five, Six, Seven, Eight, and Nine in his second application for post-conviction relief. Judge Rath found that these grounds should be dismissed because they were procedurally defaulted. (*Id.* at 9-11). Judge Rath determined that Moberg's Motion to Postpone a Ruling and Amend his Petition were not well taken for multiple reasons. First, dismissal without prejudice would be inappropriate because Moberg's Petition is due to be dismissed with prejudice. Second, Moberg's request to add arguments in support of Ground One would be futile for the reasons previously stated. Third, either amendment of the Petition or a stay would be inappropriate because Moberg's proposed new claims are untimely and procedurally defaulted. (*Id.* at 16-19).

## DISCUSSION

A party that files a timely objection to a report and recommendation is entitled to a "de novo determination of those portions of the report or specified proposed findings or recommendations to which specific objection is made." 28 U.S.C. § 636(b)(1). However, the district court need not consider frivolous, conclusory, or general objections, *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987), and the district court need not make new findings or reiterate the findings of the magistrate judge as to objections that are repetitive of the arguments made to the magistrate judge, *Hernandez v. Livingston*, 495 F. App'x 414, 416 (5th Cir. 2012) (citing *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993)).

**I. GROUND ONE: SUFFICIENCY OF THE EVIDENCE**

As to Ground One in his Petition, Moberg argues that his conviction should be overturned "because it was [an] unreasonable application of law and a violation of due process." (Obj. at 4, ECF No. 27). He claims there was insufficient evidence to prove that he secretly confined Parker.[1] Moberg also disputes the accuracy of several facts cited by the Mississippi Court of Appeals in support of its conclusion that there was sufficient evidence to support this conviction.

Miss Code Ann. § 97-3-53 provides:

> Any person who, without lawful authority and with or without intent to secretly confine, shall forcibly seize and confine any other person, *or shall inveigle or kidnap any other person with intent to cause such person to be confined or imprisoned against his or her will* . . . upon conviction, shall be imprisoned for life in the custody of the Department of Corrections if the punishment is so fixed by the jury in its verdict.

---

[1] Moberg incorrectly argues that "secret confinement" is an essential element of kidnapping. (Obj. at 4, ECF No. 27). A previous version of the kidnapping statute provided, "Any person who shall without lawful authority forcibly seize and confine any other person, or shall inveigle or kidnap any other person with intent to cause such person to be ***secretly*** confined or imprisoned against his or her will . . . ." *Williams v. State*, 544 So. 2d 782, 789 (Miss. 1987) (quoting Miss. Code Ann. § 97-3-53 (Supp.1985)). The statute was amended in 2004 to delete the word "secretly" and add the phrase "with ***or without*** intent to secretly confine." 2004 Miss. Laws Ch. 365 (S.B. 2831) (emphasis added). Even prior to the statutory amendment, the Mississippi appellate courts did not view the statute as requiring *secret* confinement. *See Conley v. State*, 790 So. 2d 773, 796 (Miss. 2001) ("Indeed, in most cases of trickery, as in the instant case, the victim's confinement will not be in secret."); *Culbert v. State*, 800 So. 2d 546, 551 (Miss. Ct. App. 2001) ("[T]he element of secrecy is not fundamental to a kidnaping charge.")

Miss. Code. Ann. § 97-3-53 (emphasis added). As Judge Rath correctly noted, the Supreme Court set forth the correct standard of review for a due process claim based on sufficiency of the evidence in *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319. This is a "high bar" because there are "two layers of judicial deference." *Coleman v. Johnson*, 566 U.S. 650, 651 (2012).

> First, on direct appeal, it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury. And second, on habeas review, a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was objectively unreasonable.

*Id.* (internal citations and quotation marks omitted). The Mississippi Court of Appeals correctly viewed the evidence in the light most favorable to the prosecution. *See id.* at 654. Moberg's argument that certain evidence or testimony should have been interpreted differently is insufficient because it was the jury's responsibility to "fairly . . . resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *See Jackson*, 443 U.S. at 319. The Court of Appeals' determination that there was sufficient evidence to support Moberg's conviction was not objectively unreasonable. Judge Rath's Report

and Recommendation is adopted as the opinion of this Court, and Ground One of Moberg's Petition is dismissed with prejudice.

## II. GROUND TWO: ADMISSIBILITY OF THE AUTOPSY PHOTOGRAPH

Judge Rath rejected Moberg's claim concerning admission of the photograph of Parker's body. He noted that, on direct appeal, Moberg only asserted that admission of the photograph violated Rule 403 of the Mississippi Rules of Evidence. Since Moberg's claim only arose under state law, Judge Rath determined that Moberg's claim is not cognizable in a federal habeas proceeding. Judge Rath explained, "Given the wealth of additional evidence supporting Moberg's conviction, the admission of the photograph was not a crucial, critical highly significant factor in the context of the entire trial and did not render the trial fundamentally unfair." (R. & R. at 16, ECF No. 24).

In response, Moberg reasserts his argument that the photograph of Parker's body was "overly gruesome, serve[d] no evidentiary purpose, and was far more prejudicial than probative and caused the petitioner to have a fundamentally unfair trial." (Obj. at 4, ECF No. 27). He attempts to cast his argument as a federal claim by arguing that the admission of the photograph caused his trial to be fundamentally unfair and a violation of his due process rights. He claims that the State "would not have argued and debated as hard as they did to have the court admit the photo into evidence" if it were not "critical" and "highly significant." (*Id.*)

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle*

*v. McGuire,* 502 U.S. 62, 67 (1991). "A state court's evidentiary rulings present cognizable habeas claims only if they run afoul of a specific constitutional right or render the petitioner's trial fundamentally unfair." *Johnson v. Puckett*, 176 F.3d 809, 820 (5th Cir. 1999). Habeas relief is only permitted when the challenged evidence "played a crucial, critical, and highly significant role in the trial." *Gonzalez v. Thaler*, 643 F.3d 425, 429 (5th Cir. 2011). This is a high standard that requires the court to consider the challenged evidence "in the context of the entire trial." *Id.* at 430-31. The Fifth Circuit has held that due process clause is not implicated when the challenged evidence "was not the principal focus at trial and the errors were not so pronounced and persistent that [they permeated] the entire atmosphere of the trial." *Id.* (internal quotation marks and footnotes omitted).

As the Mississippi Court of Appeals correctly noted, overwhelming evidence supported Moberg's conviction. *Moberg*, 303 So. 3d at 824. The photograph of Parker's decomposed body, which was admitted to help explain testimony concerning the efforts made to determine cause of death, was one small piece of evidence admitted during Moberg's trial, in addition to witness testimony, video footage, GPS data, and text messages. *Id.* at 818-20, 822. It was by no means the principal evidence used to convict him or given such weight that it "permeated the entire atmosphere of the entire trial." *Gonzalez*, 643 F.3d at 429. In addition, Moberg's argument that the photograph must have been critical and highly significant because the State vigorously sought its admission is insufficient to overcome the high standard of showing a due process violation.

Judge Rath's determination that admission of the photograph did not violate a constitutional right or render Moberg's trial fundamentally unfair is adopted as the opinion of this Court. Ground Two of Moberg's Petition is dismissed with prejudice because "federal habeas corpus relief does not lie for [alleged] errors of state law." *See Estelle,* 502 U.S. at 67.

### III.  GROUNDS THREE, FOUR, FIVE, SIX, SEVEN, EIGHT AND NINE: PROCEDURAL DEFAULT

Judge Rath determined that Grounds Three through Nine of Moberg's Petition are procedurally defaulted. Moberg objects, citing *Rowland v. State*, 98 So. 3d 1032 (Miss. 2012) ("*Rowland II*"), and *Fairman v. Anderson*, 188 F.3d 635 (5th Cir. 1999). The court in *Rowland I* held that errors affecting the fundamental constitutional right were excepted from procedural bars applicable to motions filed pursuant to the Mississippi Uniform Post-Conviction Collateral Relief Act (UPCCRA). *Rowland v. State*, 42 So. 3d 503, 508 (Miss. 2010); *Rowland II*, 98 So. 3d at 1036. The *Rowland* decisions were overruled by the Mississippi Supreme Court in *Howell v. State*, 358 So. 3d 613 (Miss. 2023). Furthermore, the exception adopted by the *Rowland* decisions applied to UPCCRA motions, not habeas petitions. *Williams v. Shaw*, No. 3:20-CV-778-DPJ-LGI, 2021 WL 3722337, at *2 (S.D. Miss. Aug. 23, 2021). Therefore, Moberg's objections related to *Rowland* are not well taken.

The *Fairman* decision, which discussed the fundamental miscarriage of justice exception, also does not assist Moberg in avoiding procedural default. *Fairman*, 188 F.3d at 644. That exception is "confined to cases of actual innocence,

where the petitioner shows, as a factual matter, that he did not commit the crime of conviction" using "new, reliable evidence that was not presented at trial." *Id.* The petitioner must show that it was "more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* Moberg has not presented new evidence meeting this standard, so he cannot benefit from the fundamental miscarriage of justice exception.

The Court will not consider Moberg's additional arguments, which concern the merits of Grounds Three through Nine of his Petition because those claims are procedurally barred, and he has not demonstrated that any exception applies. Grounds Three through Nine of Moberg's Petition are dismissed with prejudice.

## IV. MOBERG'S MOTIONS TO AMEND AND STAY

Judge Rath recommends that Moberg's Motion to Amend his Petition and his Motion to Stay Proceedings should both be denied. Moberg responds that amendment would not be futile. He claims that he should be permitted to assert additional arguments concerning Grounds One because he claims that the Mississippi Court did not address all of the elements of the kidnapping charge in its opinion. He also wishes to assert additional arguments related to Ground Seven. As Judge Rath explained, Moberg's arguments concerning Ground One — sufficiency of the evidence — would not change the result. The Mississippi Court of Appeals discussed the evidence and testimony presented at trial, and it determined that sufficient evidence supported Moberg's conviction for kidnapping. In addition,

submission of additional arguments related to Ground Seven would be futile because that claim was procedurally defaulted.

In his Objection, Moberg also discusses the merits of his proposed new claims. As Judge Rath explained, it would be futile to permit Moberg to assert new claims that are both time-barred and procedurally defaulted. Therefore, Judge Rath's Report and Recommendation is adopted as the opinion of this Court, and Moberg's Motions to Amend and Stay are denied.

## CONCLUSION

For the foregoing reasons, the Court adopts Judge Rath's Report and Recommendation. Moberg's Petition for a Writ of Habeas Corpus is dismissed with prejudice. Moberg's Motions to Amend his Petition and to Stay Proceedings are denied. Moberg's request for an evidentiary hearing is denied. *See* 28 U.S.C. § 2254(e)(2).

**IT IS THEREFORE ORDERED AND ADJUDGED** that [24] Report and Recommendation entered by United States Magistrate Judge Bradley W. Rath is **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that Matthew Moberg's [20] Motion to Amend his Petition and his [19] Letter Motion for Postponement of Ruling on his Petition, which this Court has construed as a Motion to Stay, are **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Matthew Moberg's [1] Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody is **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 21st day of June, 2023.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE